IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01432-BNB

RAUL PERMUY CALDERON,

     Plaintiff,
v.

DEBRA ALLEN, Board Member of the Colorado Board of Parole,
TOM WATERS, Board Member of the Colorado Board of Parole,
REBECCA OAKES, Board Member of the Colorado Board of Parole,
MICHAEL E. ANDERSON, Board Member of the Colorado Board of Parole,
ANTHONY P. YOUNG, Chairman of the Colorado Board of Parole,
BECKY LUCERO, Ex Chair of the Colorado Board of Parole,
MICHAEL PASKO, Parole Officer, and
TOM CLEMENTS, C.D.O.C. Executive Director.

     Defendants.

## ORDER OF DISMISSAL

Plaintiff, Raul Permuy Calderon, is in the custody of the Colorado Department of Corrections (DOC) and is incarcerated at the Fremont Correctional Facility in Canón City, Colorado. He has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution were violated in connection with several parole revocation proceedings.

Mr. Calderon has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 with payment of an initial partial filing fee. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The Court must construe Mr. Calderon's filings liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall*, 935 F.2d at 1110.  However, the Court should not be an advocate for a *pro se* litigant.  *See id.*  For the reasons set forth below, the Complaint and the action will be dismissed.

Mr. Calderon alleges that his constitutional rights were violated in connection with the following parole revocation proceedings:  September 24, 2010 hearing (parole revoked for 180 days); September 16, 2011 hearing (parole revoked for 180 days); January 17, 2012 (parole revocation extended for an additional 120 days); and March 5, 2012 (parole revocation extended for an additional 140 days).  For relief, he requests an award of damages.

Mr. Calderon's constitutional claims challenging his parole revocation proceedings are barred by the rule of *Heck v. Humphrey*, 512 U.S. 477 (1994).  In *Heck,* the United States Supreme Court held that if a judgment for damages favorable to a plaintiff in a § 1983 action necessarily would imply the invalidity of the plaintiff's criminal conviction or sentence, the § 1983 action does not arise until the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  *Heck*, 512 U.S. at 486-87.  The

*Heck* rule applies to parole revocation proceedings. *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996). In short, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit . . . — if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

A judgment in Mr. Calderon's favor in this action necessarily would imply the invalidity of the parole revocation proceedings of which he complains. He alleges that "none of the conditions of parole that [he] violated each of the four times his parole was revoked/extended constituted the commission of a new crime." (ECF No. 1, at 6 of 11). Upholding any of the allegations related to the revocation of Plaintiff's parole would undermine the validity of his current imprisonment, and they are therefore barred by *Heck* and *Crow*. *See also Kay v. Bemis*, 500 F.3d 1214, 1221 (10th Cir. 2007) (affirming district court's dismissal of § 1983 challenge to parole revocation under *Crow*). Mr. Calderon may not seek monetary or injunctive relief under the federal civil rights statutes for his alleged unlawful detention until he has invalidated the decision(s) by the parole board. Mr. Calderon does not allege or otherwise demonstrate that any of the Parole Board's decisions have been invalidated.

Plaintiff's claims challenging parole revocation proceedings are only cognizable in a writ of habeas corpus.[1] *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (prisoner

---

[1] The Court notes, however, that any habeas claims challenging parole revocation proceedings on September 24, 2010; September 16, 2011; and January 17, 2012; appear to be moot. "A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir.1998) (citing *Spencer v. Kemna*, 523 U.S. 1 (1998)). To satisfy this case or controversy requirement, "the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.* (quotation omitted). Put simply, "[a]n issue becomes moot when it becomes impossible for the court to

challenging the fact or duration of his sentence must seek habeas corpus relief); *Davis v. Roberts*, 425 F.3d 830, 834 (10th Cir. 2005). A prisoner's challenge to the execution of his sentence, including the revocation of parole, must be raised in an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir.1997); *see also United States v. Furman*, 112 F.3d 435, 438 (10th Cir.1997) (noting that issues concerning "parole procedure[ ] go to the execution of sentence and, thus, should be brought against defendant's custodian under 28 U.S.C. § 2241").

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the complaint and the action are dismissed without prejudice as barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994), as applied in *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996). It is

---

grant 'any effectual relief whatsoever' on that issue to a prevailing party." *United States v. Hahn*, 359 F.3d 1315, 1323 (10th Cir.2004) (quoting *Smith v. Plati*, 258 F.3d 1167, 1179 (10th Cir. 2001)).

FURTHER ORDERED that no certificate of appealability will issue because jurists of reason would not debate the correctness of this procedural ruling and Plaintiff has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  Mr. Calderon may file a motion in the Tenth Circuit Court of Appeals.

DATED at Denver, Colorado, this  11th  day of      July        , 2012.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court